I fully concur in the majority's analysis and disposition of appellant's first and second assignments of error.
I further concur in the majority's disposition of appellant's third assignment of error. However, I do so for a different reason.
I do not find appellant has waived this issue. The majority properly notes appellant raised an objection based upon alleged improper notarization of BMV Form 2255. That objection preserved appellant's right to appeal whether the form was properly admitted into evidence. Appellant has not raised that argument in this appeal.
Rather, appellant's argument is BMV Form 2255 is insufficient to constitute prima facie proof the arresting officer had reasonable grounds to believe appellant was operating a vehicle while under the influence of alcohol. Such claim challenges the sufficiency and weight to be given to the form. Appellant's failure to separately and specifically object to the sufficiency and weight to be given the form in the trial court does not preclude him from doing so on appeal.
Nevertheless, the form constitutes only a part of the evidence presented at the ALS appeal hearing.[2] When considering the record as a whole, I believe the trial court's decision to deny appellant's ALS appeal was supported by competent, credible evidence.
 ______________________________ JUDGE WILLIAM B. HOFFMAN
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Municipal Court, Licking County, Ohio, is affirmed.
[2] If BMV Form 2255 was the only evidence the trial court had to consider, I would agree with appellant such would be insufficient.